IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADLYNN K. HARTE and ROBERT W. ) <br> HARTE, Individually and as next friends ) <br> of minor J. H. and minor L. H.,            ) <br>                                                                ) <br>               **Plaintiffs,**            ) <br>                                                                ) <br> v.                                                          ) <br>                                                                ) <br> **JOHNSON COUNTY, KANSAS BOARD** ) <br> **OF COMMISSIONERS, et. al,**       ) <br>                                                                ) <br>               **Defendants.**         ) <br>  _____ ) | CIVIL ACTION <br><br> No: 13-2586-JWL-GLR |

**MEMORANDUM AND ORDER**

The Court addresses several motions: Plaintiffs' Motion to Compel Discovery (ECF 129); Johnson County Defendants' Motion for Leave to File Surreply to Plaintiffs' Reply in Support of Their Motion to Compel Discovery (ECF 158); Plaintiffs' Motion for Leave to File Sur-Surreply to Defendants' Surreply (Doc. 158-1) (ECF 174). The Court will grant the latter two motions, because there is no objection to either of them.

The first motion invokes Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 for an order to compel Defendants "to provide proper discovery responses without objection . . . ." (ECF 129 at 1). More specifically it addresses the adequacy or inadequacy of the responses of Defendant Frank Denning to interrogatories and requests for production. Plaintiffs fault him generally for failing to personally sign his answers to interrogatories and for providing allegedly incomplete and false information in his responses to requests for production. Subject to the Federal Rules of Civil Procedure, the motion generally addresses the discretion of the Court. After thoroughly reviewing it and the memoranda of the parties, the Court grants it in part and denies it in part, as follows.

**I. Duty to Sign Answers to Interrogatories.**

Plaintiffs have sued The Board of Commissioners of Johnson County, Kansas, and eight other persons. The defendants include Frank Denning "in his individual and official capacities" as Sheriff of Johnson County, Kansas. (ECF 1 at 7). The complaint alleges the following claims against Denning and the co-defendants: Counts I, II, and III assert claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U. S. Constitution for an allegedly improper search of the home of Plaintiffs, for related violations of their constitutional rights against unreasonable searches and seizures, and for use of excessive force. Counts V through X allege claims under state law against all defendants for trespass, assault, false arrest and imprisonment, abuse of process, intentional infliction of emotional distress, and for false light/invasion of privacy.

The memoranda of the parties, together with accompanying exhibits, suggest that Plaintiffs served interrogatories on Defendant Denning on October 14, 2014. (*See* ECF 102). On November 17, 2014, he served his responses to them. (*See* ECF 113). They include both answers with substantive information and objections. Defendant Denning did not personally sign the responses. The verification instead bears the following signature: "Capt. M. Pfannenstiel, Deputy Sheriff for Frank Denning, Sheriff of Johnson County, Kansas." (ECF 129–1 at 7).[1]

Plaintiffs argue the signature is inadequate and that Frank Denning as Defendant must himself sign his answers to the interrogatories. To the contrary, Sheriff Denning contends the signature of his deputy Michael Pfannenstiel satisfies the duty to sign. In support of this contention, Defendant raises a single argument, i.e. that Fed. R. Civ. P. 33(b)(1)(B) authorizes him to

---

[1] Deputy Sheriff Pfannenstiel is a co-defendant in this action.

2

designate his deputy to sign the answers.

The rule reads as follows:

> **(b) Answers and Objections.**
>    **(1)** *Responding Party*.  The interrogatories must be answered:
>       **(A)** by the party to whom they are directed; or
>       **(B)** if that party is a public or private corporation, a partnership, an association, or a government agency, by any officer or agent, who must furnish the information available to the party.

Defendant Denning argues that the interrogatories seek only information that arises from his official duties as Sheriff.  He contends that, as an elected, governmental official of the county, Rule 33(b)(1)(B) includes him as someone who can delegate the duty to sign answers to interrogatories.

Plaintiffs disagree.  They emphasize that the discovery seeks personal, as well as official, knowledge.  They have sued Defendant Denning both in his personal and in his official capacity as Sheriff.

None of the parties has cited any authority for their respective interpretations of Rule 33 itself.  In their reply memorandum Plaintiffs refer to "an absolute absence of precedent from this or any other federal court."  The Court otherwise knows of none.

Rule 33(b)(1)(B) addresses a simple, basic, procedural question, i.e. who should sign responses under oath on behalf of a corporate or governmental entity.  It anticipates and answers any suggestion that such an entity has no duty to sign them, because it lacks the human capacity to do so.  And, consequently, it clearly states that some authorized person must indeed do the signing. As a practical matter the rule also recognizes that a corporate or governmental party may lack personal knowledge of the responses, yet requiring that someone must sign them upon his or her best knowledge and belief.  The rule thus facilitates the discovery process, when a corporate or governmental body is a party.  It fulfills a basic purpose of the rules, set out in Fed. R. Civ. P. 1

"to secure the just, speedy, and inexpensive determination of every action and proceeding."

By contrast, the Court does not view Rule 33(b)(1)(B) as creating an exemption or immunity against the personal duty of a natural party to sign his or her answers to interrogatories, as required by Rule 33(b)(1)(A). The argument of Defendant would in essence read such an exemption or immunity into the rule, based upon the fact that Defendant is an elected, governmental official. In substance Defendant would thus extend the rule and thus excuse the sheriff from any personal duty to sign, upon a rationale that he should be treated as an impersonal entity, e.g. a "government agency." To accept this reasoning, the Court believes, would stretch the rule beyond its intended purpose and stand it on its head. Arguably it would create for any elected official a personal exemption and thus go beyond what this procedural rule more simply provides.

If Rule 33 were intended to give elected government officials such a right to delegate the duty of signature, its authors could easily written it to include "elected government officials" or "sheriffs." The rule contains no such language. The Sheriff is not a "public or private corporation." He is not a partnership. He is not an association. Unlike his co-defendant Board of County Commissioners, he is not a government agency. He nevertheless is a "party" within the meaning of Rule 33(b)(1)(A).

Opposing the motion, Defendants cite *Wright v. Wyandotte County Sheriff's Department*, 963 F. Supp. 1029, 1034 (D. Kan. 1997) for the proposition that the Johnson County Sheriff's Office is not a legal entity capable of being sued. "Instead, the Sheriff is a publicly elected official and he is in charge of the governmental agency in this case."[2] The Court agrees with *Wright* and its principle as thus quoted, but finds it inapplicable to determine in this case if Fed. R.

---

[2] 963 F. Supp. at 1034.

Civ. P. 33 grants to the Sheriff a right to delegate to his deputy the statutory duty of signing his answers to interrogatories.  In *Wright* the Court was determining whether or not the defendant there named as Wyandotte County Sheriff's Department, rather than the Board of County Commissioners, was a proper defendant against a claim of employment discrimination.  In ruling that the Sheriff's Department was not the proper defendant, the Court noted that it was merely an agency of the county and, in the absence of a statute to the contrary, was not capable of being sued as a subordinate governmental agency of the county.  The holding in *Wright* does not answer the question here before the Court, i.e. under Fed. R. Civ. P. 33, who may sign answers to interrogatories when the Sheriff himself is a defendant in the case.

For the foregoing reasons the Court grants the motion to require Defendant Denning to sign his answers to interrogatories.  Plaintiffs have raised one additional issue, however, the alleged failure of Defendant to sign supplemental answers to interrogatories.  Based upon the briefing of the parties, the Court finds that Defendants have recognized and  corrected that failure.  Accordingly, it finds the motion moot on that particular point.  But the supplemental answers are also subject to the foregoing ruling for requiring the signature of Defendant Denning.  Granting of the motion thus extends to them.

**II.  Appointment of a Special Master to Supervise Discovery**.

Since filing the instant motion to compel, Plaintiffs have filed Plaintiffs' Amended Motion for Hearing to Address Defendants' Discovery Failures and Potential Spoliation of Evidence and Memorandum of Law in Support (ECF 141).  The Court will treat the latter motion as addressing the same issues as the instant motion.  It will thus deny the instant motion for appointment of a master and treat it as superceded by the more recent one.  Defendants have objected to both motions.  The Court does not address the later motion in this Memorandum and Order.

**III.   Request to Compel Responses to Second Request for Production.**

**A.   Requests 10 and 49.**  Plaintiffs ask the Court to compel Defendant Denning to further respond to their Second Request for Production, specifically to Requests 10 and 49.  Request 10 asked for "All text messages or emails to/from any Defendant or any other JCSO deputy, supervisor or commander present at or otherwise involved with the search of the Hartes' home before, during or after the search of the Hartes' residence on April 20, 2012, including any emails or text messages to or from the following individuals: . . . (designating names).  Plaintiffs specifically request that the cell phones of each of these individuals be searched for responsive text messages."  Defendant served a supplemental response to Request 10 (ECF 134–4), as follows:

> SUPPLEMENTAL RESPONSE: After discussion between the parties, Defendant waives his vagueness objection.  Subject to, and without waiving other objections, <u>Defendant states that he is not aware of any other non-privileged documentation or ESI that is responsive to this request in Defendant's possession, custody, or control at this time.  All responsive, non-privileged documents of which
> he is aware have been produced.</u>  (Id, pp. 8, 9; underscoring added.)

The Court finds this supplemental response to be adequate for Request 10, except for its reservation "without waiving other objections."  Fed. R. Civ. P. 34(b)(2)(B) provides the following instruction for responses:

> **(B)** *Responding to Each Item.*  For each item or category, the response must <u>either</u> state that inspection and related activities will be permitted as requested <u>or</u> state an objection to the request, including the reasons.  (Underscoring added.)

In recent cases this Court has held that the rule authorizes an objection as an alternative, not as an addition, to a request for production.  To agree to production, while reserving unsubstantiated objections, leaves the requesting party with inadequate assurance that the production has indeed been complete or that the reserved objection is justified.  The rule itself

6

provides for production or objection in the disjunctive, not as an alternative for allowing a respondent to hedge the responses.  Producing items while reserving objections, moreover, provides little if any assurance that the search has indeed been adequate.  And it places upon the requesting party the burden of pursuing motion practice to obtain that assurance.  Subject to few exceptions, therefore, the Court will not uphold reserved objections.

One exception, however, does allow a responding party to retain his objections to production of items for which he has claimed a privilege and identified on a privilege log.  Fed. R. Civ. P. 26(b)(5) specifically authorizes a responding party to withhold discoverable information that is subject to a privilege.  The briefing suggests that Defendant has provided such a log for items claimed to be subject to a law enforcement privilege.  The parties have argued the applicability of the privilege.  They have not provided the Court with a copy of the privilege log and have not otherwise shown that the privilege has not been adequately asserted.  Consequently, the Court in this Order will not require production of items for which the privilege has been adequately preserved on the privilege log.

A second exception would allow a person both to reserve objections to the discovery and to produce some requested items.  The parties could simply stipulate to such a procedure, perhaps in an effort to expedite access to some if not all of the requested items, while otherwise reserving the opportunity to litigate the discoverability of those that are withheld.  Fed. R. Civ. P. 29 specifically authorizes parties to stipulate about discovery procedures.  In this case the Court finds no such stipulation, however, to authorize Defendant to produce some requested items and to reserve objections as to others.

Defendant shall further supplement his response to Request 10, therefore, to affirmatively assert that all non-privileged documents have been produced.  If Plaintiffs regard it as an untruthful

or inadequate response with regard to cell-phone searches, they may further pursue those concerns through deposition and further discovery.  Given the specific declaration by Defendant, however, the Court declines to assume that the search for responsive information was inadequate, provided the supplemental response is consistent with the foregoing directions.

By Request 49 Plaintiffs ask for "All documents including text messages, digital photos or emails, sent or received by any member of JCSO during the search of the Hartes' residence on April 20, 2012."  The Supplemental Response (ECF 134–4 at 32) is similar to the response to Request 10.  It similarly states that all responsive, non-privileged documents of which Defendant is aware have been produced.  But again Defendant hedges the response as "Subject to and without waiving these objections."  Accordingly, the Court again requires him to serve a supplemental response without the quoted reservation.

**B.  Requests 14, 29 and 30.**  Requests 14, 29 and 30 all seek production of documents relating to "tips" from co-defendant Wingo about suspected indoor marijuana-growth operations "from 2009 to the present" and to investigations and raids or searches of such operations during that period of time.  Defendants object that the proposed time period is unreasonably long and should be limited to a later beginning and exclude time after 2012, when the alleged offenses in this case occurred.  Defendants also assert the law enforcement investigatory privilege against the proposed production.

To support their requests, Plaintiffs contend that the Sheriff Defendants have been working with Wingo on hydroponics-store surveillance at least since 2010.  Plaintiffs also refer to an opinion expressed by Dr. Lyman, an expert witness retained by Defendants, suggesting that the information provided by Mr. Wingo would lead a reasonable officer to believe that a marijuana-growing operation existed at the Harte residence.  Plumbing the extensive briefing on this motion,

the Court does not find that these suggestions have been refuted.  Accordingly, it will order further production.  The proposed time period will be shortened, however, to the years 2010 through 2013.

Plaintiffs say they seek only "redacted" files from the investigations.  Consequently, the Court will order production only of properly "redacted" files, according to whatever meaning the parties have given to that description.

The Court also will not require production of any files that Defendants have included in their privilege log as subject to a law enforcement investigatory privilege.  In their responsive memorandum they state that they "have only asserted the privilege for cases in which the JCSO has not deemed the investigation closed or a prosecutor has requested that Defendants not disclose the information due to pending criminal prosecution in which documents have not been exchanged."  ESP 134 at 24.  Defendants should also continue to produce such documents for any additional cases that close or for which pending criminal prosecution has ended.

**C. Request 21.**  Request 21 seeks production of all documents "relating to any request or invitation to Sergeant Jim Wingo to teach any training course for JCSO deputies concerning indoor marijuana grow operations or any other drug-related topic, from 2009 to the present."  Defendant Denning objected to this request on grounds it is not reasonably limited in time and is overly broad in seeking documents regarding "any other drug-related topic."  Subject to these objections, however, Defendant Denning states that any responsive documents have either been produced or will be produced in response to Request 38.

Given his reservation of objections, the Court will require Defendant Denning to further respond to the request to produce responsive documents, unless already produced, for the period 2010 through 2013.  It will sustain the objection of over-breadth, however, and not require

9

production of documents with regard to "any other drug-related topic."

**D. Requests 24 and 25.** Requests 24 asks for documents "reflecting any communication between Valerie Kamb or another JCSO Crime Lab analyst and any employee of JCSO relating to field or laboratory testing of material seized during a 'trash pull' or 'trashing' of any residence conducted by JCSO personnel, or relating to the testing of the material seized from the Hartes' trash, or relating to the use of marijuana field tests or the risk of or occurrence of false positive results in marijuana field tests, from 2010 to the present." Request 25 asks for all communications "between or among personnel of the Johnson County Criminalistics Laboratory in connection with the testing of any suspected marijuana or illegal drug seized from the trash or any residence in connection with Operation Constant Gardener 2011 or Operation Constant Gardener 2012."

Defendant Denning asserted objections that Requests 24 and 25 are compound, vague, confusing, overly broad, unduly burdensome, not reasonably limited in time. He also asserts the law-enforcement investigative privilege. His responses itemize, nevertheless, the documents that he has produced in response to these requests. Except as follows, the Court overrules the objections. It will order Defendant Denning to further supplement his responses to show that he has indeed produced all responsive items for the years 2010 through 2013. It does not require him to produce documents related to testing of drugs other than marijuana. And he need not produce documents for which he asserts a law-enforcement investigative privilege, provided they are specified on his privilege log.

**E. Requests 17 and 37.** These two requests ask for documents relating to Operation Constant Gardener. Request 17 is a narrow request, asking for documents "that contain any discussion of planned or proposed operations for OCG 2013 and/or . . . Operation Constant

Gardener in 2013." Request 37 asks for "All communications or emails to/from Sheriff Denning or to/from Undersheriff Cavanaugh or to/from Tom Erickson relating to participation of JCSO in Operation Constant Gardener, from 2010 to the present."

Defendant objected to both requests: He objected to Request 17 on grounds of irrelevance and being overly broad. He further responded that all responsive documents have been produced. He objected to Request 37 on grounds it seeks documents to date and therefore not reasonably limited in time and is unduly burdensome because of the manual and electronic searches that would be required. He also itemized responsive documents that have been produced, without waiving objections.

The Court will require Defendant Denning to serve supplemental responses to Requests 17 and 37 to confirm that all responsive documents for the years 2010 through 2013 have been produced and without again asserting the objections. The Court thus overrules the objections, except as to limiting the relevant time period for the production.

**F. Request 43.** This request asks for "Any documents reflecting grants, awards or outside allotments of funds (other than money from taxes) received by the JCSO, from 2010 to the present." Defendant objected on grounds the request is overly broad, not reasonably limited in scope or in time and to the phrase "outside allotment of funds" as vague and ambiguous. Defendants have agreed to waive the latter objection of "vague and ambiguous." They also assert that they have produced documents showing receipt of funds the Johnson County Sheriff's Office has received for its own use "based on drug enforcement operations, responsive to the request from 2010 through 2013." The Court finds that the production, as thus described, is sufficient. Accordingly, it will require no further production. But it will require Defendant to supplement his response to Request 43 to confirm the production, if he has not already done so.

**G. Requests 46 and 47.** Request 46 asks Defendant to produce all documents "relating to requests under the Kansas Open Records Act by any individual or entity concerning Operation Constant Gardener 2011 or Operation Constant Gardener 2012." Request 47 asks for all documents Defendant produced in response to such requests under the Act.

Defendant Denning objected to both requests on grounds they are overly broad and unduly burdensome, vexatious, impossible to answer, subject to attorney-client privilege and protection as work product. His responses also itemize what he has nevertheless produced in response to the requests. They describe a necessity to conduct both electronic and manual searches and reviews of individual or departmental data drives and electronic accounts within the Sheriff's office, including over 600 current or former officers and employees who may have responsive documents, in order to produce any other requested documents. Defendant also identifies some responsive documents he has already produced.

In their reply memorandum Plaintiffs say they have agreed to limit their request to require a search of informational sources of only the individual defendants employed with the Johnson County Sheriff's Office and of personnel of the Records and Public Information Office.

To a limited extent and subject to a shifting of the cost of production, the Court will grant the motion as to these items. It will require Defendant Denning to produce any responsive documents that are identified by a search of the informational sources of the defendants who are employed with the Johnson County Sheriff's Office and which have not already been produced. The briefing suggests that such limitation should eliminate or at least substantially alleviate the burden of which Defendant complains. As further suggested, he may also withhold any such information for which a privilege or work product is claimed, provided he preserves such protection by timely providing the information required on a privilege log.

Although ordering this production, the Court believes it is more speculative and doubtful than likely to provide additional information that Plaintiffs have not obtained or will not otherwise obtain by their other requests.  Consequently, it will order them to pay the reasonable costs of its production.  Within ten days of the date of this order, Defendants may file an affidavit, stating the costs of producing the items responsive to Requests 46 and 47 and an explanation of how those costs were determined.  Within ten days thereafter Plaintiffs may deposit into the Registry of the Court the amount of the costs and any counter-affidavit to dispute the amount claimed by Defendant.  Within twenty days of the deposit by Plaintiffs, Defendant Denning shall produce to Plaintiffs the responsive documents.  The Court will later determine the amount of costs for which Defendant should be reimbursed from their deposit in the Registry.

**IV.  Summary.**

As above stated, the Court grants in part and denies in part Plaintiffs' Motion to Compel Discovery and Memorandum of Law Support (ECF 129).  Within 20 days of the date of this Memorandum and Order, Defendant Denning shall have signed his answers to interrogatories.  The Court denies as moot the motion for appointment of a special master and will address that issue with regard to one or more other pending motions.

Within 20 days of the date of this Memorandum and Order, and as herein directed, Defendant Denning shall serve additional responses and any production to Plaintiffs' Second Request for Production, specifically 10, 49, 14, 29, 30, 21, 24, 25, 17, 37, 46 and 47.  Defendant need not produce any items for which he has claimed a law enforcement investigatory privilege and has adequately listed on his privilege log.  The Court otherwise overrules the motion.

Without objection the Court grants Johnson County Defendants' Motion for Leave to File Surreply to Plaintiffs' Reply in Support of Their Motion to Compel Discovery (ECF 158) and

Plaintiffs' Motion for Leave to File Sur-surreply to Defendants' Surreply (Doc. 158-1) (ECF 174).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this  4th  day of June, 2015.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
