IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADLYNN K. HARTE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.: 2:13-cv-02586-JWL-GLR |
| | ) |
| THE BOARD OF COMMISSIONERS | ) |
| OF THE COUNTY OF JOHNSON | ) |
| COUNTY, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs' Amended Motion for Hearing to Address Defendants' Discovery Failures and Potential Spoliation of Evidence and Memorandum of Law in Support (ECF 141) asks the Court to set an evidentiary hearing and to grant one or more "remedies and sanctions for Defendants' obstructive practices in conducting discovery. . . ." (ECF 141 at 28.)  Plaintiffs direct their motion specifically against the "Johnson County Sheriff's (JCSO) Defendants."  The Court understands this reference to include all the defendants, except for the Johnson County, Kansas Board of Commissioners and Jim Wingo.  For the following reasons the Court grants the motion in part and denies it in part.

Plaintiffs contend that the JCSO defendants have failed to comply with requests for production of electronically stored information (ESI).  They further complain that defendants have allowed the requested ESI to be destroyed or deleted from their computer systems, notwithstanding timely notice of the claims of the plaintiffs and the consequent duty to implement a "litigation hold" to retain it.  Defendants respond that they and co-defendant Wingo

1

have complied with the requests of Plaintiffs for discovery, including production of available ESI.  Their response concedes, however, that some ESI has been destroyed or deleted, but only because it was not apparent or evident that it should be retained in anticipation of litigation.  Defendants thus oppose the motion as unjustified by the facts.  The motion addresses the alleged need for the apparently lost ESI and any culpability of the defendants for failing to retain and produce it.

The amended complaint alleges that defendants entered and searched the home of the plaintiffs and personally restrained them in custody on April 20, 2012, thereby violating their constitutional, statutory, and common-law rights.  Plaintiffs and defendants appear to agree that April 17, 2013, if not sooner, was a significant date by which all of them knew or should have known of the claims and understood that a "litigation hold" should be instigated to preserve any relevant documents, including ESI.  On that date counsel for plaintiffs delivered to Defendants Board of County Commissioners and Sheriff Frank Denning a notice of the claims.  (ECF 141-4.)  The notice named the Board, the Sheriff, the co-defendant deputy sheriffs, and non-party Tom Erickson, Public Information Officer, as persons against whom the claims were directed.

The Court will address first the alternative relief sought by the motion.  Plaintiffs ask the Court to "consider appointing an e-discovery expert as a special master to oversee the discovery process with regard to the JCSO Defendants, or appoint a forensic computer examiner to examine Defendants' computer systems for the purpose of locating requested documents or determining if and when and by whom they were destroyed."  *Id*, pp. 2, 3.  They cite several cases in which the Court has considered the appointment of a special master:

*In re Wyoming Tight Sands Antitrust Cases*, 715 F. Supp. 307 (D. Kan. 1989) involved "complex issues, numerous parties, and numerous attorneys" and the taking of over 100 depositions. *Id* at 308. The Court noted that the discovery phase of the case nevertheless had "proceeded remarkably well and smooth." *Id.* The Court declined to appoint a special master. Among other reasons, it noted, "Furthermore, some of the plaintiffs' problems with depositions appear to be simple dissatisfaction with the deponent's answers." A similar observation may or may not apply to the instant case, in which Plaintiffs feel aggrieved by responses with which they disagree and which may yet be either substantiated or proved false by additional evidence developed in discovery, with or without the presence of a special master. The history of litigation, of course, remains one of disparate, inconsistent, and disproved evidence, whether in the form of discovery responses or testimony at trial. Inconsistencies in evidence, however, do not necessarily signal dishonesty or a need for an arbiter to make running assessments about the truth or lack of it throughout the course of discovery.

*Smith v. MCI Telecommunications Corp.*, 1993 WL 142006 (D. Kan. 1993) involved a class action with 60 telemarketer class members. The Court found complications in that case to justify appointment of a master. "As litigation of the case progressed, it became apparent to the court that complex issues of accounting and sophisticated computer operations were central to the dispute. The sheer magnitude of the data to be analyzed, along with its complexity, had not only bogged down discovery but threatened the expeditions resolution of the cross claims." *Id* at 1. These reasons supported appointment of a special master, not because of disagreements about the adequacy of discovery responses, but because of a need for expertise not otherwise possessed by the Court. Neither in *Wyoming Tight Sands, supra,* nor in *Smith* does the Court here find anything sufficiently persuasive to appoint a special master to oversee discovery in this case.

Plaintiffs do urge the Court to set an evidentiary hearing, however, to afford them "the opportunity to examine under oath those individuals responsible for locating, identifying and producing documents, particularly electronically stored information (ESI), for the JCSO defendants in response to Plaintiffs' Request for Production." (ECF 141, p. 2.) The briefing of the parties, including numerous exhibits, indicates that the JCSO defendants have produced a substantial amount of ESI in response to requests for production. The motion asserts, nevertheless, that additional ESI, controlled by the JCSO defendants and Tom Erickson, has been deleted and not produced. Plaintiffs characterize the destruction and loss as spoliation or destruction of evidence for which defendants should be sanctioned. They propose, consequently, an evidentiary hearing to address those matters.

To their respective memoranda both the JCSO defendants and the plaintiffs have attached an affidavit, apparently of a computer technologist, relating to retention and access of deleted ESI. Defendants offer the "Affidavit of Paul Wildgen." (ECF 144-4.) It suggests the possibility that the ESI in question may be permanently lost by reason of routine retention procedures, rather than by any deliberate destruction. Plaintiffs, on the other hand, offer the "Affidavit of Greg Chatten." (ECF 160-1.) It challenges the adequacy of the search by defendants for deleted data. It also suggests that a complete "forensic examination" with the use of available forensic software could indeed retrieve the deleted ESI. Given the contrasting suggestions of these two affidavits, the Court finds that an evidentiary hearing could aid in determining what further procedures, if any, should be ordered to recover requested ESI that has not been produced.

Accordingly and for the foregoing reasons the Court sets this case for an evidentiary hearing on **Tuesday, July 28, 2015, at 1:30 p.m. in Courtroom 223.** The purpose of the hearing will be to determine to what extent and with what conditions, if any, further discovery of

4

ESI should be pursued and produced by the JCSO Defendants.  At the hearing the parties may offer evidence to determine the following:

1.  What additional discovery of ESI, if any, should any of the JCSO defendants be ordered to produce to Plaintiffs?

2. What specific request(s) for production are involved?

3. What would be the costs for retrieving and producing the additional ESI in question?

4. How should such costs be paid and against whom should they be assessed?

Plaintiffs have suggested the possibility that, by failing to preserve ESI, defendants may have spoliated it.  Evidence developed at the hearing, of course, could be relevant to an issue of spoliation.  In ordering a hearing, however, the Court proposes thereby to determine possibly remaining issues of discovery, not spoliation.  The parties can more appropriately address issues of spoliation, if any, by specific motion(s) for sanctions.  At this point the Court proposes more simply to determine if additional discovery of ESI should be ordered and, if so, upon what conditions.  Any party may present evidence on that point, but the Court does not propose to require any party to present evidence.  Nor does it propose to compel any person to testify.

With an offering for more briefing, Defendants have filed Johnson County Defendants' Motion for Leave to File Surreply to Plaintiff's Reply in Support of Their Motion for Hearing to Address Defendants' Discovery Failures and Potential Spoliation of Evidence (ECF 176).  The Court finds nothing of consequence to support this motion.  Counsel are aware that surreplies are not favored and seldom necessary.  The Court finds no need for a surreply in this instance. Accordingly, it denies this motion.

For the foregoing reasons the Court grants in part and denies in part Plaintiffs' Amended Motion for Hearing to Address Defendants' Discovery Failures and Potential Spoliation of Evidence. (ECF 141.) The Court sets an evidentiary hearing, as above directed.  The Court denies Johnson County Defendants' Motion for Leave to File Surreply to Plaintiff's Reply in Support of Their Motion for Hearing to Address Defendants' Discovery Failures and Potential Spoliation of Evidence (ECF 176).

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 13th day of July, 2015.

/s Gerald L. Rushfelt
GERALD RUSHFELT
UNITED STATES MAGISTRATE JUDGE
United States District Court for the District of Kansas