IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Adlynn K. Harte et al.,**

   **Plaintiffs,**

v.                 Case No. 13-2586-JWL

**Board of Commissioners of the
County of Johnson County, Kansas et al.,**

   **Defendants.**

### MEMORANDUM & ORDER

Plaintiffs filed this action against various defendants alleging violations of 42 U.S.C. § 1983 for unlawful search, unreasonable execution of the search and excessive force in violation of the Fourth and Fourteenth Amendments. In a lengthy memorandum and order, the court recently granted summary judgment in favor of defendants on these claims pursuant to the doctrine of qualified immunity. Familiarity with that memorandum and order is assumed. This matter is now before the court on defendants' motion for attorney fees pursuant to 42 U.S.C. § 1988.[1] The motion is summarily denied.

A district court may award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation" or that the plaintiff "continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). "Only in the rare case will this difficult standard be met." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). Certainly, dismissal of claims

---

[1] Only defendant James Wingo has refrained from filing a motion for fees.

at the summary-judgment stage, by itself, will not meet the standard for imposing fees against the plaintiff. *See id*. In essence, the defendants must demonstrate that "no reasonable attorney" would have brought the lawsuit based on the facts alleged. *See Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1479 (10th Cir. 1990).

Defendants, in their four-page motion, have not remotely satisfied the demanding standard set forth in *Christiansburg Garment*. According to defendants, plaintiffs, in their pursuit of this case, "ignored material facts" and "disregarded black-letter legal principles" that clearly demonstrated that no excessive force occurred and that the execution of the search was reasonable. While defendants contend that plaintiffs' second and third claims were frivolous, they do not mention plaintiffs' primary claim in this case—whether the search itself was based on probable cause. In light of their silence as to this claim, the court assumes that defendants do not dispute that the unlawful search claim was not frivolous or unreasonable. This concession is significant, because plaintiffs' unreasonable execution and excessive force claims largely turned on the court's resolution of the unlawful search. Specifically, because the court held that plaintiffs failed to show that the search warrant lacked probable cause, the court's analysis of plaintiffs' unreasonable execution and excessive force claims necessarily started with the premise that the search itself was lawful. For example, in analyzing the unreasonable execution claim, the court started with the premise that deputies were permitted to search the residence for those items listed in the warrant. Similarly, the court's analysis of the excessive force claim acknowledged that the deputies, in executing the lawful warrant, were permitted to detain plaintiffs and to use reasonable force to effectuate that detention.

2

In other words, had plaintiffs shown that the warrant lacked probable cause, or raised material factual disputes about whether it lacked probable cause, the court would have viewed plaintiffs' remaining claims in the context of an unlawful search which may have resulted in a different outcome with respect to those claims.  To the extent, then, that defendants contend that "no discovery was needed" to determine that plaintiffs' unreasonable execution and excessive force claims lacked merit, that argument is not persuasive where they have not challenged the unlawful search claim as frivolous.  In the absence of any other argument suggesting that plaintiffs' claims were frivolous or unreasonable, the court denies defendants' motion for fees.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Edward Blake, Mark Burns, James Cossairt, Frank Denning, Nate Denton, Christopher Farkes, Tyson Kilbey; Michael Pfannenstiel, Thomas Reddin, Larry Shoop, Lucky Smith, Laura Vrabec and the Johnson County, Kansas Board of Commissioners' amended motion for attorney fees (doc. 343) is **denied**.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2016, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge