# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Adlynn K. Harte et al.,

        **Plaintiffs,**

v.                                                 **Case No. 13-2586-JWL**

Board of Commissioners of the
County of Johnson County, Kansas et al.,

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed this action against various defendants alleging violations of 42 U.S.C. § 1983 for unlawful search, unreasonable execution of the search and excessive force in violation of the Fourth and Fourteenth Amendments.  In a lengthy memorandum and order, the court granted summary judgment in favor of defendants on these claims pursuant to the doctrine of qualified immunity.  Familiarity with that memorandum and order is assumed.  Recently, the court summarily denied defendants' motion for attorney fees pursuant to 42 U.S.C. § 1988.  The court denied that motion without waiting for defendants to fulfill the requirements of Local Rule 54.2—that is, the court denied the motion before defendants had an opportunity to consult with opposing counsel about their fee motion and before defendants had filed a memorandum in support of their motion.  Defendants now move for reconsideration of the court's order on the grounds that notions of fairness require that defendants be permitted to consult with opposing counsel and fully brief the issues before the court resolves the fee motion.  The motion is granted, except the court will not require plaintiffs' counsel to consult with defense counsel as to

the fee motion and plaintiffs are not required to respond to defendants' memorandum in support of the fee motion unless the court orders a response.

Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See id*. Defendants do not identify the specific basis for their motion to reconsider. Defendants seem to suggest that the court violated the District's local rules by summarily denying defendants' fee motion without giving defendants a chance to consult with plaintiffs on the fee award and to file a more thorough memorandum in support of the motion. No language in Local Rule 54.2 precludes the court from summarily denying a fee motion without regard for the procedures set forth in that rule—particularly in the context of a prevailing defendant seeking fees under the demanding standard of Christiansburg Garment. While consultation among counsel and a thorough, lengthy brief might facilitate the proceedings in the vast majority of fee disputes (*i.e*., those fee disputes where fee liability is not an issue and the real dispute concerns the value of the attorneys' services), the local rule is unlikely to facilitate proceedings where the threshold issue is whether a defendant is even entitled to fees.

But even if Local Rule 54.2 can be construed to contemplate or "guarantee" a consultation and subsequent memorandum in all fee disputes, the court nonetheless maintains the discretion to relax or modify "its procedural rules adopted for the orderly transaction of

business before it when in a given case the ends of justice require it." *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 539 (1970).  In this case, the court exercised its discretion to depart from the strictures of the local procedural rules to save the parties and counsel the time and expense of litigating a fee motion that, in the court's mind and in light of the court's intimate familiarity with this case and the *Christiansburg Garment* standard, was borderline frivolous.  In fact, as defense counsel must undoubtedly recognize, plaintiffs' claims stem solely from a serious mistake made by defendants in this case—a mistake that resulted in an early morning raid on the home of innocent citizens (including children) by numerous armed officers and, later, a significant change in policy in the Sheriff's Department.  In such circumstances, the court believes that most reasonable homeowners, like plaintiffs here, would have sought some type of relief from the Sheriff's Department.  For good or for ill, the doctrine of qualified immunity precludes the relief sought by plaintiffs, but their claims were not frivolous.

All that having been said, it is at least plausible that the court's departure from Local Rule 54.2 unfairly prejudiced defendants, who contend that they relied on that Rule in saving their best arguments for their anticipated memorandum.  The court, then, will grant defendants an opportunity to file a memorandum in support of their fee motion but, for the reasons described above, will exempt plaintiffs' counsel from the consultation requirement.  The court will also exempt plaintiffs from filing a response to the memorandum unless and until the court orders the filing of a response.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Edward Blake, Mark Burns, James Cossairt, Frank Denning, Nate Denton, Christopher Farkes, Tyson Kilbey; Michael Pfannenstiel, Thomas Reddin, Larry Shoop, Lucky Smith, Laura Vrabec and the Johnson County, Kansas Board of Commissioners' motion for reconsideration (doc. 346) is **granted** and defendants shall file their memorandum in support of their fee motion no later than **Monday, February 22, 2016**.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4