# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Adlynn K. Harte et al.,

        **Plaintiffs,**

v.                                                   Case No. 13-2586-JWL

Board of Commissioners of the
County of Johnson County, Kansas et al.,

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed this action against various defendants alleging violations of 42 U.S.C. § 1983 for unlawful search, unreasonable execution of the search and excessive force in violation of the Fourth and Fourteenth Amendments.  In a lengthy memorandum and order, the court recently granted summary judgment in favor of defendants on these claims pursuant to the doctrine of qualified immunity.  This matter is now before the court on plaintiffs' motion to stay or defer the imposition of costs until their appeal is resolved.  Defendants object to any stay absent any showing of good cause and posting of a supersedeas bond.  As will be explained, the motion is denied as moot.  Plaintiffs are not required to obtain a stay with respect to the imposition of costs because any bill of costs that might be filed prior to the termination of plaintiffs' appeal would be premature in any event.

Plaintiffs' motion to stay relies on Local Rule 54.1(a)(1), which provides in pertinent part as follows:

> The party entitled to recover costs must file a bill of costs on a form provided by the clerk . . . within 30 days after:

(A) the expiration of time allowed for an appeal of a final judgment or decree; or

(B) receipt by the clerk of an order terminating the action on appeal.

D. Kan. Rule 54.1(a)(1). Plaintiffs have filed their notice of appeal of this court's memorandum and order granting summary judgment to defendants and, according to plaintiffs, the local rule clearly contemplates the imposition of costs after the completion of the appeal process. In response, defendants contend that the rule is intended to prevent litigants from "dragging out" the imposition of costs but does not restrict a party's ability to seek costs sooner. Defendants do not direct the court to any authority supporting their interpretation of the rule and the court's research reveals that judges in this District have construed the rule as plaintiffs have construed the rule. *See Smith v. Century Concrete, Inc.*, 2007 WL 2155680, at *5 (D. Kan. July 25, 2007) (refusing to assess costs where case was on appeal and no bill of costs had yet been filed; prevailing party directed to file bill of costs if and when he prevailed on appeal) (Robinson, J.); *Johnson v. ABLT Trucking Co.*, 2003 WL 21640377, at *6-7 (D. Kan. Jan. 28, 2003) (the intent of local rule is to have the bill of costs filed within 30 days after the case is terminated either because the time for appeal has expired or, when an appeal has been taken, after an order terminating the appeal; sustaining objection to bill of costs filed before those events as premature) (Bostwick, J.); *Lappin v. Gwartney*, 2000 WL 1532765, at *5 (D. Kan. Sept. 18, 2000) (refusing to assess costs where appeal time had not yet expired) (Vratil, J.); *Aquilino v. University of Kansas*, 109 F. Supp. 2d 1319, 1328 (D. Kan. 2000) (denying request for assessment of costs where case was on appeal; directing plaintiff to file bill of costs if and when she prevailed on appeal) (Vratil, J.).

In the absence of any authority supporting a contrary interpretation, the court agrees with plaintiffs and other judges in this district that the local rule clearly contemplates the filing of a bill of costs only after the expiration of time allowed for an appeal or, where an appeal is filed, after an order terminating that appeal. For this reason, any bill of costs that defendants might file at this juncture would be premature and plaintiffs need not obtain a stay with respect to the imposition of costs. Moreover, because a stay is not required under these circumstances, plaintiffs are not required to post a bond. *See* Federal Rule of Civil Procedure 62(d) (if an appeal is taken, the appellant may obtain a stay by supersedeas bond).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for staying or deferring the imposition of costs until the appeal is complete (doc. 350) is **denied as moot.**

**IT IS SO ORDERED.**

Dated this 11th day of February, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge