# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Adlynn K. Harte et al.,**

    **Plaintiffs,**

**v.**                                                                                                                        Case No. 13-2586-JWL

**Board of Commissioners of the**
**County of Johnson County, Kansas et al.,**

    **Defendants.**

## MEMORANDUM & ORDER

On September 13, 2017, the court, consistent with the Circuit's recent mandate remanding the case to this court for further proceedings, issued a trial order setting this case for trial beginning Monday, December 4, 2017. The court also asked the parties to submit short statements regarding the specific claims remaining for trial in light of the Circuit's opinion. Those statements have been filed. Shortly thereafter, defendants filed a motion to stay the case pending the filing and resolution of a petition for writ of certiorari to the United States Supreme Court. According to defendants, a stay is appropriate because the Circuit identified just a single issue of fact for trial (*i.e.*, whether one or more of the remaining defendants lied about the results of the field tests) and that issue directly implicates defendants' qualified immunity, which the defendants will effectively lose if they are required to proceed to trial before resolution of the petition. In a related vein, defendants propose bifurcating the trial of this case to focus initially on the narrow factual issue, asserting that the resolution of that issue "is the cornerstone of all other issues on remand."

1

Before turning to the merits of defendants' motion to stay, it is useful to consider what specific claims remain for trial. The parties agree in their statements that the Circuit's opinion preserves a Fourth Amendment claim under § 1983 based on the limited theory that one or more of the remaining defendants lied about the results of the field tests conducted in April 2012 such that the warrant was invalid and the resulting search and seizure was therefore unconstitutional. The parties dispute whether the Circuit's opinion preserves a search and seizure claim based on the theory that, even if the warrant was valid, the Fourth Amendment was violated when one or more of the defendants continued to detain plaintiffs and search their residence after probable cause had dissipated. As this court understands the Circuit's opinion, no such theory can proceed. This court granted summary judgment on that theory. On appeal, all of the judges expressly addressed plaintiffs' "dissipation theory" and two of the three judges refused to disturb the court's judgment in favor of defendants on that theory—Judge Phillips found that the deputies did not violate clearly established law by continuing to search for evidence of marijuana and detaining the family and Judge Moritz found that plaintiffs had abandoned their "dissipation" claim. There is no majority opinion, then, finding that the court's summary judgment ruling as to the dissipation theory was improper. Plaintiffs highlight language in the Circuit's opinion that the Circuit "reverses . . . summary judgment on the unlawful search and seizure claims." The court does not read that language to suggest that a dissipation theory survives for trial, particularly where the language of the opinion as a whole reflects that the only search and seizure "claims" that remain are those that flow directly from the allegedly invalid warrant.[1] The court, then, reads the Circuit's opinion as preserving only one federal claim and

---

[1] In their statement, plaintiffs vaguely suggest that some generic "unlawful execution of the

2

that claim (or "claims" to the extent it is asserted against several defendants) is based on the theory that one or more of the defendants lied about the results of the field tests in obtaining the warrant. Thus, if the jury resolves that issue in favor of defendants, then the resulting search and seizure was lawful and plaintiffs cannot recover any damages under § 1983.

In addition to the limited federal claim that remains for trial, the Circuit's opinion preserves four state law claims—trespass, false arrest, assault and intentional infliction of emotional distress. Defendants contend that the Circuit's opinion leaves open the possibility that this court can simply reinstate its summary judgment rulings as to the state law claims if the jury finds no *Franks* violation. In support of this argument, defendants highlight that Judge Moritz and Judge Lucero reversed the grant of summary judgment on the state law claims solely because this court had granted summary judgment based, in part, on its conclusion that no *Franks* violation had occurred. According to defendants, then, if the jury determines that no *Franks* violation occurred, the court can simply enter summary judgment on the state law claims. The court disagrees and concludes that the Circuit's opinion forecloses the re-entry of summary judgment on the state law claims. With respect to the trespass and false arrest claims, this court held that summary judgment was appropriate because no *Franks* violation occurred *and* because there was insufficient evidence that the defendants exceeded the scope of the valid warrant by prolonging their search and detention of plaintiffs. But Judges Lucero and Phillips concluded that factual questions exist as to whether the defendants, regardless of the validity of

---

warrant" claim might survive for trial. While plaintiffs preserved in Count II of the pretrial order a claim for "unreasonable execution of the warrant," plaintiffs have never asserted or developed a theory of "unreasonable execution" aside from their dissipation theory. Certainly, the Circuit's opinion does not identify any theory other than the *Franks* theory and the dissipation theory.

the warrant, violated the Fourth Amendment by remaining in the house, continuing to search the house, and detaining plaintiffs after probable cause had dissipated. These same factual questions, then, preclude summary judgment on the trespass and false arrest claims. With respect to the assault claim, this court granted summary judgment because the warrant was valid and, accordingly, the defendants were authorized to use reasonable force. Judges Lucero and Phillips determined that plaintiffs presented sufficient evidence to show that defendants used unreasonable force in executing the warrant. Summary judgment on the assault claim, then, is clearly not appropriate even if the jury finds no *Franks* violation. Finally, this court granted summary judgment on plaintiffs' claim for intentional infliction of emotional distress based on its conclusion that no constitutional violations had occurred. Because the Circuit found factual disputes on whether plaintiffs' constitutional rights were violated, summary judgment on that basis is not permissible even if the jury finds a valid warrant. Thus, the state law claims are not dependent on the issue of whether one or more defendants lied about the result of the field tests and would proceed regardless of the jury's determination on that factual question. For this reason, bifurcation of the "whether the officers lied" issue is not appropriate and that suggestion is rejected.

While the parties' statements concisely set forth the claims that the parties believed remained for trial, those statements did not flesh out which of the numerous defendants might be held liable on the specific claims remaining for trial. The Circuit's opinion sheds little light on this issue. A review of the parties' summary judgment submissions reveals that the issue was raised by defendants at that juncture but that the court did not reach that issue because it granted summary judgment to all defendants on an alternative basis. Specifically, defendants asserted

that defendants Reddin, Burns and Blake are the only proper defendants on plaintiffs' *Franks* claim because no other defendant could reasonably be expected to know that the warrant was defective (doc. 286, pp. 22-23); and that defendants Reddin, Denning, Burns and Pfannenstiel cannot be liable on plaintiffs' state law claims because they were not present during the execution of the warrant and no claims of respondeat superior were made against them (doc. 286, nn. 12, 16, 18 & 22). Although plaintiffs responded to defendants' argument on the *Franks* claim (doc. 324, p. 64), it does not appear to the court that plaintiffs responded to defendants' argument concerning the state law claims. Moreover, the parties appear to dispute whether the Board of County Commissioners remains a defendant in this case after the Circuit's opinion. These issues should be resolved to the extent possible prior to trial through the lens of the Circuit's opinion and the specific claims remaining in this case. Toward that end, the court will permit the parties to file supplemental briefs (as more fully described below) on the issue of which defendants may be held liable to plaintiffs on the remaining claims.[2]

The court's review of the parties' summary judgment submissions further reveals that additional arguments were raised by defendants that the court did not address and that are not necessarily foreclosed by the Circuit's opinion. To the extent defendants intend to pursue these arguments, they should be resolved prior to trial. Those issues are whether the warrant affidavit supported a finding of arguable probable cause in the absence of the alleged false statements concerning the field test results; whether defendants are entitled to summary judgment on

---

[2] In their reply brief, defendants contend that their petition for certiorari has merit because the Circuit did not analyze whether those defendants who had no knowledge of any alleged deliberate falsehood should be dismissed. To the extent defendants believe a stay is warranted on that basis, the court disagrees because it intends to resolve that issue prior to trial.

5

plaintiffs' trespass, assault and false arrest claims by virtue of the discretionary function exemption of the Kansas Tort Claims Act; whether defendants are entitled to summary judgment on the trespass claim under the doctrine of quasi-judicial immunity; and whether defendants are entitled to summary judgment on the assault claim because there is no evidence from which a jury could conclude that the defendants intended to harm plaintiffs.[3] These arguments have already been fully briefed on summary judgment. Thus, any supplemental briefs that the parties wish to file on these arguments must be strictly limited to the effect, if any, that the Tenth Circuit's opinion has on those arguments.[4]

The court turns, then, to the motion to stay. Defendants urge that a stay is appropriate because eleven (11) individual defendants will "potentially face the burden of trial on the subjective inquiry as to whether the investigating deputies knowingly lied about field test results in order to obtain a search warrant." Defendants contend that their "legal right not to stand trial at all" will be irretrievably lost if trial is allowed to proceed before their petition has been

---

[3] Defendants raised other arguments in their motion for summary judgment that the court did not reach in light of its ultimate holding. Those arguments are either foreclosed by the Tenth Circuit's opinion (*e.g.,* defendants' argument that they are entitled to summary judgment on plaintiffs' claim for punitive damages) or can be resolved after trial (*e.g.,* defendants' argument that plaintiffs cannot recover in this action fees that they incurred in their Kansas Open Records Act litigation in state court).

[4] To be clear, each side is permitted to file one brief encompassing all issues described herein. The brief should not exceed 10 pages in length and need not include any extraneous factual or procedural information. Because plaintiffs did not respond to certain arguments in their summary judgment response concerning which defendants may be liable for certain claims, the parties need not limit their arguments on that issue to the effect of the Circuit's opinion. But because all other issues have been fully briefed, the parties' supplemental briefing on those issues, if any, must be limited to the effect, if any, of the Circuit's opinion on those issues. It is the court's intention to issue a Memorandum & Order on the issues enumerated herein well in advance of the deadline for filing witness and exhibit lists set out in the Trial Order (doc. 364).

adjudicated. They further contend that because this case raises critical issues of national importance for law enforcement, the Supreme Court might well be inclined to grant certiorari. Plaintiffs assert that 28 U.S.C. § 2101(f) precludes the court from granting a stay; that a stay would violate the "mandate rule"; and that a stay is not justified in any event.

Regardless of whether § 2101(f) or the mandate rule precludes the court from granting a stay pending defendants' certiorari petition, the court agrees with defendants that the court, without deviating from the Circuit's mandate, has the inherent authority to manage its trial docket and to schedule the trial of this case at its discretion—even if that trial setting occurred after resolution of the defendants' anticipated certiorari petition. Nonetheless, after balancing the rights of defendants to be immune from trial with the rights of plaintiffs to have their claims heard by a jury, the court believes that further delay in the trial of this matter is inconsistent with the interests of justice. By the time trial starts on December 4, 2017, plaintiffs in this case will have waited more than 4 years to have their case heard by a jury. Four years is long enough.[5]

In so holding, the court considers several significant factors. First, as defendants acknowledge, there is a statistically small chance that the Supreme Court will grant any certiorari petition. And the petition described by defendants, in the court's mind, does not present a substantial question sufficient to qualify for the extraordinary review granted by the Supreme Court to only a few select cases. Defendants suggest that the Supreme Court might be inclined to hear this case because it has never addressed the *Franks v. Delaware* "substantial showing" standard in a civil case in the context of an assertion of qualified immunity. But defendants have never suggested to this court that *Franks* might not apply in this context or that

---

[5] Of course, defendants remain free to seek a stay from the Circuit or the Supreme Court.

the standard should be modified in this context. Thus, because that issue has not been developed below, it is unlikely that the Supreme Court would grant certiorari on that issue. Defendants also contend that the Circuit's opinion raises "far-reaching Fourth Amendment issues" concerning the "reliability of field tests" and the type and amount of evidence required to make a substantial showing of deliberate falsehood. They contend that the Circuit's opinion, in conflict with other Circuits, holds that an inference of lying is appropriate when a field test is contradicted by subsequent testing. The Circuit did not deem any questions sufficiently substantial to warrant rehearing en banc. The Circuit's failure to hear this case en banc is not entirely surprising. In the court's mind, the decision does not stand for the sweeping statements set forth by defendants but is simply a result of the totality of the unique facts present in the case—facts which included not only contradictory subsequent testing but, according to the panel, the "enormous pressure" of the anticipated April 20 raids. Because the Circuit's opinion turns largely on the factual issues presented, the court believes that defendants' petition is unlikely to succeed.[6] And while defendants criticize the panel for failing to address whether arguable probable cause existed absent the alleged false statements, there is no reason to believe that the Supreme Court would grant certiorari based on that alleged oversight.

Second, defendants have not alleged any particularized harm in proceeding to trial at this juncture other than the loss of their right not to stand trial. That right, of course, is not absolute and, in this case, the Circuit has rejected defendants' qualified immunity defense with respect to the limited claim that remains under § 1983. Defendants direct the court to no authority

---

[6] Of course, if the court is incorrect and the Supreme Court grants the petition, defendants may still be vindicated regardless of the jury's verdict in this case.

suggesting that at this procedural juncture their right not to stand trial shields them from trial until they have exhausted all available avenues of relief, including the filing and resolution of a certiorari petition.

Finally, the majority of the individual defendants will be required to stand trial in any event. Despite defendants' suggestion that the Circuit identified only one issue of fact remaining for trial (the issue at the heart of their petition), the reality is that the Circuit identified one factual issue pertinent to the remaining claim under § 1983. That issue—whether one or more of the defendants lied about the results of the field tests—is not determinative of plaintiffs' remaining state law claims. In other words, the majority of the individual defendants (at a minimum, the seven deputies who executed the search) will be required to proceed to trial regardless of the issues raised in the certiorari petition. Conversely, depending on the court's further ruling, it may well be that the majority of the defendants will not stand trial on plaintiffs' § 1983 claim in any event. Thus, because the bulk of plaintiffs' case on remand are state law claims that are unaffected by the anticipated certiorari petition, the interests of justice are better served by proceeding without delay to a trial of plaintiffs' claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to stay case pending petition for writ of certiorari (doc. 370) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties may file a supplemental brief, as specifically described herein, no later than **Thursday, October 26, 2017.**

**IT IS SO ORDERED.**

Dated this 19th day of October, 2017, at Kansas City, Kansas.

                                                 s/ John W. Lungstrum
                                                 John W. Lungstrum
                                                 United States District Judge