## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Adlynn K. Harte et al.,**

    **Plaintiffs,**

v.                                                                         Case No. 13-2586-JWL

**Board of Commissioners of the**
**County of Johnson County, Kansas et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

In April 2012, law enforcement officials from the Johnson County, Kansas Sheriff's Office obtained a search warrant to search plaintiffs' home for marijuana. That warrant was issued based on certain facts set forth in an underlying affidavit, including that plaintiff Robert Harte had made a purchase at a local hydroponic store and that wet, vegetative material subsequently obtained from plaintiffs' trash on two occasions field-tested positive for marijuana. On April 20, 2012, law enforcement officials executed the warrant, searched plaintiffs' home and detained plaintiffs for the duration of the search. No evidence of marijuana in any form was found during the search.

Thereafter, plaintiffs filed this lawsuit against the Board of County Commissioners of Johnson County, Kansas and eleven law enforcement officials from the Johnson County Sheriff's Office alleging violations of 42 U.S.C. § 1983 for unlawful search and seizure and excessive force in violation of the Fourth and Fourteenth Amendments. Plaintiffs also asserted a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) as well as

state law claims of trespass, assault, false arrest, abuse of process, outrageous conduct causing severe emotional distress and false light/invasion of privacy.

In December 2015, this court granted summary judgment in favor of defendants on plaintiffs' § 1983 claims on qualified immunity grounds and on the merits of plaintiffs' state law claims. In July 2017, the Tenth Circuit affirmed in part and reversed in part this court's judgment in a fractured decision that resulted in three separate opinions. *Harte v. Bd. Of Comm'rs of the Cty. of Johnson, Kansas*, 864 F.3d 1154 (10th Cir. 2017) (*Harte I*). The Circuit affirmed this court's grant of summary judgment as to plaintiffs' excessive force and *Monell* liability claims and this court's grant of summary judgment to one defendant, Jim Wingo, a sergeant with the Missouri State Highway Patrol. The Circuit reversed this court's grant of summary judgment as to plaintiffs' unlawful search and seizure claims because it held that the defendants were not entitled to qualified immunity. The Circuit also reversed the grant of summary judgment as to the four state law claims pursued by plaintiffs on appeal—trespass, assault, false arrest and outrageous conduct causing severe emotional distress.

With respect to plaintiffs' unlawful search and seizure claims, this court subsequently held that the Circuit's decision left only one § 1983 claim for trial—a claim based on the limited theory that defendants Blake, Burns and/or Reddin lied about the results of the field tests conducted in April 2012 such that the warrant was invalid and the resulting search and seizure was therefore unconstitutional. Plaintiffs' remaining claims were tried to a jury beginning on December 4, 2017. The jury returned its verdict on December 12, 2017 and found in favor of defendants on all issues and claims. Specifically, the jury found that plaintiffs failed to prove by a preponderance of the evidence that any of the defendants who participated in obtaining the warrant (defendants Blake,

Burns and Reddin) lied about the results of any field tests to obtain the warrant. Under the Circuit's decision and the court's instructions to the jury, this finding was fatal to plaintiffs' § 1983 claim. The jury also found that probable cause did not dissipate at any time during the search of plaintiffs' residence. Consistent with Kansas law and the court's instructions to the jury, this finding was fatal to plaintiffs' trespass and false arrest claims and obviated the need for the jury to otherwise resolve plaintiffs' trespass and false arrest claims. Finally, the jury found that plaintiffs failed to prove by a preponderance of the evidence their claims of assault or outrageous conduct causing severe emotional distress against any defendant.

After trial, plaintiffs moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and for a new trial pursuant to Federal Rule of Civil Procedure 59(a). The court denied both motions. Plaintiffs filed an appeal. In October 2019, the Tenth Circuit affirmed in part and reversed in part this court's judgment. *Harte v. Bd. Of Comm'rs of the Cty. of Johnson, Kansas*, 940 F.3d 498 (10th Cir. 2019) (*Harte II*). Specifically, the Circuit reversed this court's holding that the Circuit's decision in *Harte I* left only one § 1983 claim for trial. The Circuit remanded for further proceedings the following federal search and seizure claims: (1) whether Defendants properly executed the warrant; (2) whether the deputies exceeded the scope of the warrant by searching for evidence of general criminal activity; and (3) whether the deputies prolonged Plaintiffs' detention, thus subjecting them to an illegal arrest.

Consistent with that directive, the court hereby sets this case for **jury trial beginning Monday, March 30, 2020 at 9:30am** in Courtroom 643. In preparation for that trial and to assist the court in determining what specific issues the jury will be asked to decide, the court directs the parties to file submissions and responses as explained in more detail below.

3

*Whether Defendants Properly Executed the Warrant*

The first issue raised in Count II as articulated by the Circuit is "whether Defendants properly executed the warrant." *Harte II*, 940 F.3d at 506. The scope of this claim has never been clear to the court. In their amended complaint and in the pretrial order, plaintiffs specify that deputies improperly executed the warrant in two ways—by continuing to detain plaintiffs after probable cause had dissipated and by searching for evidence of general criminal activity after probable cause had dissipated. It appears to the court, then, that the issue of whether deputies properly executed the warrant is subsumed by the two other theories listed by the Circuit—whether the deputies exceeded the scope of the warrant by searching for evidence of general criminal activity and whether the deputies unreasonably prolonged plaintiffs' detention.

To the extent, however, plaintiffs believe they have preserved in the pretrial order a separate claim based on the execution of the warrant that is distinct from the other theories recognized by the Circuit, they must explain the specifics of that claim in a submission to be filed **no later than Monday, January 6, 2020**. Plaintiffs must also articulate to the court the specific issues that they believe the jury would resolve in analyzing this claim. Defendants may file a response to plaintiffs' submission with respect to this issue **no later than Monday, January 13, 2020.**

*Whether the Deputies Exceeded the Scope of the Warrant by Searching for Evidence of General Criminal Activity*

The second claim remanded by the Circuit is whether the deputies exceeded the scope of the warrant by searching for evidence of general criminal activity. In granting summary judgment

on this claim in December 2015, this court found that there was no evidence in the record that deputies engaged in a general exploratory search beyond searching for criminal activity specified in the warrant. Although the Circuit has determined that this claim survived summary judgment, the Circuit did not remand the claim based on a finding that plaintiffs had evidence that deputies engaged in a general exploratory search. Rather, the Circuit remanded the claim because Judge Moritz found that the claim "necessarily survived" because of her holding that one *Franks* claim survived summary judgment. Now, of course, the jury has rejected the sole *Franks* claim and has further determined that probable cause did not dissipate at any time during the deputies' search of plaintiffs' residence, such that deputies were permitted to search for the criminal activity specified in the warrant. After a full trial on the merits, the court recalls no evidence that deputies conducted a general exploratory search beyond searching for what was specified in the warrant. There is no evidence, for example, that deputies searched computers, phones, mail or anything else that would be inherently inconsistent with a search for marijuana. And the court questions whether plaintiffs could prove that a general exploratory search occurred when deputies, as plaintiffs concede,[1] were authorized to search for personal use marijuana in drawers and other discrete locations in the residence. Plaintiffs, then, must articulate to the court in writing to the court **no later than Monday, January 6, 2020** how they intend to proceed on this claim and what evidence they intend to present that would permit the jury to return a verdict in plaintiffs' favor on this claim. Defendants may file a response to that submission **no later than Monday, January 13, 2020.**

---

[1] *See Harte I*, 864 F.3d at n.8.

5

*Whether the Deputies Prolonged Plaintiffs' Detention*

The last claim remanded by the Circuit is whether the deputies prolonged plaintiffs' detention, thus subjecting them to an illegal arrest. The starting point for any analysis of this claim is *Michigan v. Summers*, 452 U.S. 692, 705 (1982), in which the Supreme Court held that a valid warrant based on probable cause carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. *Accord Muehler v. Mena*, 544 U.S. 93, 100-02 92005) (law enforcement acted reasonably by detaining non-suspect occupant of residence in handcuffs for up to three hours). In light of the jury's finding that probable cause did not dissipate at any point during the roughly two-hour search of the residence, the court questions whether a jury in a second trial could reasonably conclude that the detention of plaintiffs Adlynn and Robert Harte extended beyond the length of a routine *Summers* detention or that officers took more time to conduct the search than was reasonably required to complete it. *See Croom v. Balkwill*, 645 F.3d 1240, 1251 (11th Cir. 2011) ("A fair reading of [*Summers*], however, implies that law enforcement officers are entitled to detain occupants of a premises for the whole length of most warranted searches."). For this reason, the court directs plaintiffs Adlynn and Robert Harte to articulate to the court in writing **no later than Monday, January 6, 2020** the basis for their belief that the evidence they intend to present at trial is sufficient to support a jury's finding that their detention was something other than a routine *Summers* detention. Defendants may file a response to that submission **no later than Monday, January 13, 2020.**

In the court's mind, the detention of the children requires a slightly different analysis. While the children were certainly "occupants" of the residence within the meaning of *Summers*, the *Summers* court nonetheless recognized that a detention of occupants during the execution of a

6

valid warrant should not be limitless and that "special circumstances . . . might lead to a different conclusion in an unusual case." 452 U.S. at 705 n.21.  Some courts have held that lengthy detentions of the elderly, of children, or of individuals suffering from illness or disability raise "additional concerns."  *See, e.g., Davis v. United States*, 854 F.3d 594, 599 (9th Cir. 2017); *Gordon v. Louisville/Jefferson County Metro Government*, 486 Fed. Appx. 534, 542 96th Cir. 2012) (detentions of children raise additional concerns but are not unreasonable per se).  For this reason, the court requires defendants to file a submission **no later than Monday, January 6, 2020** if they can articulate a reason why the plaintiff-children's prolonged detention claims should not proceed to trial.  Plaintiffs may file a response to this submission **no later than Monday, January 13, 2020.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties shall file any submissions contemplated by this memorandum and order no later than Monday, January 6, 2020 and any responses thereto no later than Monday, January 13, 2020.

**IT IS FURTHER ORDERED BY THE COURT THAT** the court will conduct a status conference by telephone on January 24, 2020 at 10:30am. To join the conference line, counsel shall dial into the conference.   The CONFERENCE LINE is 1-888-363-4749 and the ACCESS CODE is 2126821. Participants will follow the instructions to join the call.  During this conference, the court also intends to discuss other matters pertaining to the trial, including to what extent evidence of the events leading up to the search are relevant to the narrow issues to be tried.

The parties are also directed to address in their submissions any such issues they wish to have included in the discussion.

**IT IS FURTHER ORDERED BY THE COURT THAT** this case is set for jury trial by **beginning Monday, March 30, 2020 at 9:30am** in Courtroom 643.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
