IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ADLYNN K. HARTE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-02586 |
| | ) | |
| FRANK DENNING, Sheriff, in | ) | |
| His official and individual capacity, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## AGREED-UPON PROPOSED JURY INSTRUCTIONS[1]

## TABLE OF CONTENTS

**Page**

Proposed Final Jury Instruction No. 1: Preliminary Instructions ..................................................... 3

Proposed Final Jury Instruction No. 2: Evaluation of Evidence ..................................................... 4

Proposed Final Jury Instruction No. 3: Jurors' Notes ..................................................... 5

Proposed Final Jury Instruction No. 4: Rulings of the Court ..................................................... 6

Proposed Final Jury Instruction No. 5: Limited Admissibility ..................................................... 7

Proposed Final Jury Instruction No. 6: Arguments of Counsel ..................................................... 8

Proposed Final Jury Instruction No. 7: No Favoritism or Prejudice ..................................................... 9

Proposed Final Jury Instruction No. 8: Deposition Testimony ..................................................... 10

Proposed Final Jury Instruction No. 9: Actions of the Court ..................................................... 11

Proposed Final Jury Instruction No. 10: Witness Credibility ..................................................... 12

Proposed Final Jury Instruction No. 11: Impeachment ..................................................... 13

---

[1] The parties reserve the right to modify these proposed instructions and verdict form—including adding, editing, or deleting any proposed instructions or verdict questions—based on the Court's rulings on any pending or forthcoming motions, and based on the evidence and argument introduced at trial. The parties propose these instructions in accordance with the Court's rulings to date, including on motions *in limine* and other pretrial motions, and expressly preserve all of their arguments previously presented.

Proposed Final Jury Instruction No. 12: Expert Witnesses ...................................................... 14

Proposed Final Jury Instruction No. 13: Direct and Circumstantial Evidence ........................... 15

Proposed Final Jury Instruction No. 14: Evaluating Testimony of Witnesses ........................... 16

Proposed Final Jury Instruction No. 15: Deadlocked Jury ....................................................... 17

Proposed Final Jury Instruction No. 16: Evaluating Evidence .................................................. 19

Proposed Final Jury Instruction No. 17: Deliberations ............................................................. 20

Proposed Final Jury Instruction No. 18: No Outside Communications About Case ................... 21

Proposed Final Jury Instruction No. 19: Communications With Court During
        Deliberations ............................................................................................................. 23

**Proposed Final Jury Instruction No. 1:**
**Preliminary Instructions**

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you.  You as jurors are the sole judges of the facts.  This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law.  Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law.  Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

Sources: Instr. No. 1, Doc. 463; Jury Instruction No. 1, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 1, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 1, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No. 112686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 1, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.) (instruction on judge as only source of law).

**Proposed Final Jury Instruction No. 2:**
**Evaluation of Evidence**

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for the parties agree that a particular fact exists, that is referred to as a "stipulation," and the jury must accept that stipulation as true.

You may consider as evidence everything that was admitted during trial, such as witness testimony, an item or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You are to consider only the evidence, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

Sources: Instr. No. 2, ECF No. 463; Jury Instruction No. 2, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 2, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 2, ECF No. 447, *Sprint Comm'ns Co. L.P. v. Time Warner Cable, Inc.*, 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 2, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 3:**
**Jurors' Notes**

You may use the notes taken by you during the trial.  Remember, however, that notes are not evidence.  If your memory should differ from your notes or the notes of other jurors, then you should rely on your memory.

Sources: Instr. No. 3, ECF No. 463; Jury Instruction No. 3, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 3, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 3, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 3, ECF No. 2797, *In re: Urethane Antritrust Litig.* No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 4:**
**Rulings of the Court**

At times during trial I ruled on the attorneys' objections to admitting certain items into evidence.  Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings, and do not draw any inferences from my rulings. Consider only the evidence admitted.

<u>Sources</u>: Instruction No. 4, ECF No. 463; Jury Instruction No. 4, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 4, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 4, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.,* 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 4, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 5:**
**Limited Admissibility**

Some evidence is admitted for a limited purpose only.  When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

<u>Sources</u>: Instruction No. 5, ECF No. 463; Jury Instruction No. 5, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 5, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 5, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 5, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 6:**
**Arguments of Counsel**

Counsel's statements, arguments, and remarks are intended to help you understand the evidence and apply the law, but they are not evidence.  You should disregard any comments of counsel that are not supported by the evidence.

Sources: Instruction No. 6, Doc. 463; Jury Instruction No. 6, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 6, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 6, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.,* 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 6, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 7:**
**No Favoritism or Prejudice**

You must weigh and consider the evidence without favoritism for or prejudice against any Party.  Do not be influenced by anything not within the issues stated in my instructions.  Sympathy should not affect your deliberations.

Sources: Instruction No. 7, Doc. 463; Jury Instruction No. 7, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 7, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 7, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 7, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 8:**
**Deposition Testimony**

During this trial, evidence was presented to you by the playing of a videotaped deposition. A deposition is the sworn testimony of a witness taken before trial. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness testified in court.

Sources: Instruction No. 8, Doc. 463; Jury Instruction No. 9, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 9, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 10, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 10, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 9:**
**Actions of the Court**

I have not intended in anything that I have said or done—not in these instructions, in any ruling, or in any action or remark I may have made during trial—to suggest how I would resolve any of the questions entrusted to you, the jury, in this case.

Sources: Instruction No. 9, Doc. 463; Jury Instruction No. 10, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 10, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 11, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 9, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 10.:**
**Witness Credibility**

You are to determine the weight and credit to give each witness's testimony.  You have a

right to use common knowledge and experience in evaluating witnesses' testimony.

Sources: Instruction No. 27, Doc. 463; Jury Instruction No. 21, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 24, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 35, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.,* 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 25, ECF No. 2797, *In re Urethane Antritrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 11:**
**Impeachment**

A witness's credibility may be attacked by evidence that on some former occasion he or she made a statement, acted in a manner, or gave deposition testimony that was inconsistent with his or her testimony in this case.

You may consider such evidence only insofar as it may impact the witness's credibility—that is, only in deciding the weight and credit to be given to that witness's testimony.

Sources: Instruction No. 28, Doc. 463; Jury Instruction No. 22, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 25, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 36, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 26, ECF No. 2797, *In re Urethane Antritrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 12:**
**Expert Witnesses**

Certain testimony has been given in this case by experts—that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to humankind in general.  The law permits such persons to give their opinions regarding such matters, although you are not required to accept such opinions.  The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive such weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.


[PLAINTIFFS AGREE TO THIS INSTRUCTION ONLY IF THE COURT RULES THAT DR. LYMAN IS PERMITTED TO TESTIFY]


Sources: Instruction No. 29, Doc. 463; Jury Instruction No. 23, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 26, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 37, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No.

27, ECF No. 2797, *In re Urethane Antritrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 13:**
**Direct and Circumstantial Evidence**

There are two types of evidence. One is direct evidence, such as the testimony of someone who claims to have seen or heard an event. The other is circumstantial evidence, such as evidence from which you can reasonably draw inferences about whether an event did or did not occur.

The law does not distinguish between direct and circumstantial evidence, but rather simply requires the jury to find the facts, in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Sources: Instruction No. 31, Doc. 463; Jury Instruction No. 25, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 28, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 39, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 29, ECF No. 2797, *In re Urethane Antritrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 14:**
**Evaluating Testimony of Witnesses**

You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In determining the issues in this case you will, of course, rely on the evidence you heard in the courtroom and will not be swayed by sympathy, passion, or prejudice. You may and should, however, rely on the general information you possess as to matters of common knowledge, observation, and life experience.  In weighing the testimony of witnesses, you may consider their appearance, demeanor, means of knowledge, apparent intelligence or ignorance, whether or not they have an interest in the outcome of the case, and all other facts and circumstances evident at trial that will help you determine the truth.

If you believe that any witness testified falsely about any material fact, you may disregard all or any part of his or her testimony, but you are not required to believe or disbelieve the testimony of any witness. You should reconcile any conflicting testimony as truthful if reasonably possible, but if doing so is not possible then use your best judgment in determining what testimony to believe.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You should keep in mind that making an innocent mistake in memory—like being unable to remember—is not uncommon.

Sources: Instruction No. 32, Doc. 463;Jury Instruction No. 26, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 29, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 40, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*,11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 30, ECF No. 2797, *In re Urethane Antritrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

## Proposed Final Jury Instruction No. 15:
## Deadlocked Jury

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

If you do not reach a verdict, the parties may be put to the expense of another trial and will once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a more competent jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

As jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

Sources: Instruction No. 33, Doc. 463; Jury Instruction No. 28, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 30, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 41, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 31, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.); *see also* Fed. R. Civ. P. 48(b) ("Unless the parties stipulate otherwise, the verdict

must be unanimous and must be returned by a jury of at least 6 members."); *Bledsoe v. Garcia*, 72 F.2d 1237, 1244 (10th Cir. 1984) (agreeing with the Third Circuit that the "federal unanimity requirement is implicit in Fed. R. Civ. P. 48" and affirming unanimity instruction where there was "no local federal court rule or stipulation by the parties that could serve as authority for a less than unanimous jury").

**Proposed Final Jury Instruction No. 16:**
**Evaluating Evidence**

In considering the evidence in this case, you should use your good sense, consider the evidence only for those purposes for which it was admitted, and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

Sources: Instruction No. 34, Doc. 463; Jury Instruction No. 29, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 31, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 43, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 32, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 17:**
**Deliberations**

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. Once you reach a unanimous verdict, the foreperson should fill in, date, and sign the verdict form. The foreperson should then notify the bailiff, and your deliberations will be complete. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

Sources: Instruction No. 35, Doc. 463; Jury Instruction No. 30, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 32, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 44, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 33, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 18:**
**No Outside Communications About Case**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone (or the public at large) any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. You must inform the court immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom; if you were so influenced, your decision might be based on information known only by you and not your fellow jurors or the parties in the case, and that would unfairly and adversely impact the judicial process.

Sources: Instruction No. 36, Doc. 463; Jury Instruction No. 31, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 33, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept.

9, 2016) (Lungstrum, J.); Jury Instruction No. 45, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No., 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.).

**Proposed Final Jury Instruction No. 19:**
**Communications With Court During Deliberations**

If it becomes necessary during your deliberations to communicate with me, please do so by giving a note to the bailiff who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they and all other persons are forbidden from communicating with any of you about any subject involving the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands numerically or otherwise on the questions before you until after you have reached a unanimous verdict.


_____                    _____
Date                                   John W. Lungstrum
                                       United States District Judge


Sources: Instruction No. 37, Doc. 463; Jury Instruction No. 32, ECF No. 3302, *In re Syngenta AG MIR 162 Corn Litig.* (Kansas Class Trial), No. 14-md-2591-JWL (D. Kan. June 23, 2017); Jury Instruction No. 34, ECF No. 111, *Adamson v. Z D Express, Inc.*, No. 14-2385-JWL (D. Kan. Sept. 9, 2016) (Lungstrum, J.); Jury Instruction No. 46, ECF No. 447, *Sprint Comm'cns Co. L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL (D. Kan. Mar. 3, 2017) (Lungstrum, J.); Jury Instruction No. 34, ECF No. 2797, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL (D. Kan. Feb. 20, 2013) (Lungstrum, J.).