## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Adlynn K. Harte et al.,**

           **Plaintiffs,**

**v.**                                                   **Case No. 13-2586-JWL**

**Mark Burns; Edward Blake;**
**Michael Pfannenstiel; Larry Shoop;**
 **Lucky Smith; Christopher Farkes;**
**Thomas Reddin; Tyson Kilbey; and**
**Laura Vrabac,**

           **Defendants.**

## MEMORANDUM AND ORDER

On March 25, 2020, the court conducted a hearing on the parties' joint motion for approval of minor settlement and, thereafter, granted the parties' motion.  In advance of that hearing, the court had permitted the parties to file all settlement documents under seal with the understanding that the court, at a later date, would revisit whether those documents should remain under seal. Toward that end, plaintiffs have now filed their motion to permanently seal certain information contained with the parties' settlement agreement and Exhibit A to that agreement (doc. 559).[1] Defendants do not oppose the motion.

Plaintiffs seek to permanently seal the following information from the settlement documents:  the minor plaintiff's name; the gross settlement payment amount made by defendants

---

[1] The court previously granted that motion in part, to the extent it sought leave to file the signed settlement agreement under seal pending the court's ruling on the issue of whether to permanently seal the documents.

1

to plaintiffs; amounts spent on medical treatment and therapy by all plaintiffs; and the final dollar amounts to be allocated to each plaintiff.  As will be explained, the motion is granted in part and denied in part.

Resolving plaintiffs' motion begins with the broad legal standard adopted by the Supreme Court and refined by our Circuit. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). This right is based on the public's "desire to keep a watchful eye on the workings of public agencies." *Id*. at 597–98. Moreover, the "common law right to access court records 'is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes.'" *United States v. Walker*, 761 Fed. Appx. 822, 834 (10th Cir. 2019) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

In light of these principles, there exists a "strong presumption in favor of public access," particularly when the court has used the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks omitted).  But the right of public access to judicial records is "not absolute" and the strong presumption in favor of public access "can be overcome where countervailing interests heavily outweigh the public interests in access." *Walker*, 761 Fed. Appx. at 834.  Thus, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id*. (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). And, "any denial of public access to the record must be narrowly tailored to

2

serve th[e] interest being protected by sealing or restricting access to the records." *Walker*, 761 Fed. Appx. at 835 (internal quotation marks omitted) (citation omitted).

As the court noted during the settlement hearing, the redaction of the minor plaintiff's name is clearly appropriate. The court also agrees that the amount spent for medical treatment and therapy by all plaintiffs is appropriately redacted from Exhibit A.  With respect to these issues, plaintiffs have met their burden to show that disclosure "will work a clearly defined and serious injury" to the minor plaintiff.  *See Walker*, 761 Fed. Appx. at 834*; see also Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (approving the filing under seal of files containing private medical information); *Russell v. Lanier*, 404 Fed. Appx. 288, 289 n.2 (10th Cir. 2010) (recognizing the "sensitive nature" of medical information and granting leave to file appendix under seal).

But plaintiffs have not met their burden to show that the gross amount of the settlement or the specific amounts allocated among the plaintiffs should be sealed.  Plaintiff's primary reason for sealing this information—the fact that the parties agreed to keep the terms of the agreement confidential—does not overcome this burden. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (parties' interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification for sealing terms of the contract). Plaintiffs have not explained to the court (or even argued) why the confidentiality of the contract outweighs the presumption of public access.  *Id.* at 1242.  Thus, plaintiffs have not shown that their interest in preserving the confidentiality of the contract constitutes a sufficiently substantial justification for denying the public access to the terms of the agreement. *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (fact that contract contained confidentiality

clause was insufficient to overcome presumption of public access in the absence of any specific argument or facts indicating why confidentiality outweighed presumption).

The court is also not persuaded by plaintiffs' reliance on *Adkins v. TFI Family Services, Inc.*, 2017 WL 4338269 (D. Kan. Sept. 29, 2017).  In that case, Judge Crabtree, in a written order granting the parties' joint motion to approve the settlement of the minor plaintiff's claims, omitted any reference to gross settlement amounts in recognition of the "role that confidential settlement negotiations often plays in the efficient and fair resolution of disputes."  *Id*. at *3.  Without elaboration, Judge Crabtree held that "the interest served by preserving the specific results of confidential settlement negotiations outweighs the public interest in access to the settlement agreement." *Id*. at *3.  A review of the docket in that case reveals that the case involved state law claims for negligence and fraud arising out of a private adoption of several siblings, one of whom had numerous undisclosed behavioral problems and mental health challenges.  Very likely, the settlement documents contained highly sensitive information and medical information of a purely private nature and, as such, presented circumstances under which a district court would exercise its discretion to seal that information.  Conversely, plaintiffs here have settled a highly publicized dispute with deputies employed by the Johnson County Sheriff's Office who were working for the Sheriff's Office during the search and seizure that gave rise to plaintiffs' claims.  In such circumstances, the public has a strong interest in reviewing the court's decision-making with respect to the settlement of the minor plaintiff's claims.  And, of course, the public cannot assess the fairness of that decision without also reviewing the gross settlement amount and how that amount was allocated among the plaintiffs. In short, plaintiffs have come forward with no evidence or compelling argument that refusing to seal the settlement agreement would cause

4

significant damage or prejudice to plaintiffs.  Consequently, the court declines to seal the gross amount of the settlement or the specific amounts allocated to each plaintiff.

The court turns, then, to the specific sealed documents in the record.  Document 554 is essentially moot because updated drafts of the joint motion to approve and the settlement agreement were later filed.  This document, then, need not be unsealed because the court did not rely on those documents in approving the settlement.  *See New Jersey & its Div. of Inv. v. Sprint Corp.*, 2010 WL 5416837, at *1 (D. Kan. 2010) (where court did not make any decision with respect to sealed documents, need for public monitoring was nonexistent and unsealing was unnecessary).  Document 556 and Attachment A to that document are the documents the court reviewed in analyzing the motion to approve minor settlement and should be unsealed after appropriate redactions consistent with this order.  Document 562 is the final, signed agreement with Exhibit A and should be unsealed after appropriate redactions consistent with this order.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to permanently seal certain information contained with the parties' settlement agreement and Exhibit A to that agreement (doc. 559) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs shall submit redacted documents to the court via email in PDF format no later than May 1, 2020. The court will then

[2] If any party or nonparty orders a transcript of the March 25, 2020 hearing at any time in the future, that transcript must contain appropriate redactions consistent with this order.  The court will have the court reporter notify the court if a transcript is ordered so that the court can assure compliance with this order.

direct the clerk of the court to substitute redacted documents for the documents presently under seal and will also direct the clerk of the court at that time to unseal documents 556 and 562, including the attachments thereto.

**IT IS SO ORDERED.**

Dated this 16th  day of April, 2020, at Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge